# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY EAVES, | : |
|---|---|
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. 19-CV-1531 |
| | : |
| NONSTOP COURIERS INC., *et al.*, | : |
| Defendants. | : |

## MEMORANDUM

**BEETLESTONE, J.**　　　　　　　　　　　　　　　　　　　　　　APRIL 12, 2019

Plaintiff Anthony Eaves, who is representing himself (proceeding *pro se*), filed this civil action against Nonstop Couriers Inc. raising claims based on what appears to be an email scam. The caption of the Complaint lists Nonstop Couriers Inc. twice and provides two addresses, but it appears that Eaves is only suing one entity. Eaves seeks leave to proceed *in forma pauperis*. For the reasons set forth below, the Court will grant Eaves leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.　FACTS

In April of 2015, Eaves received an email informing him that he won $5 million in a lottery promotion. The email instructed him to contact Nonstop Couriers to retrieve his winnings. Eaves corresponded with representatives of Nonstop Couriers, who informed him that he would be obligated to pay for delivery of his lottery winnings. In accordance with Nonstop Couriers' instructions, Eaves paid $781.58 to retrieve his winnings, but he was subsequently informed that he would be required to pay an additional $2,850.00 due to a hold placed on the prize by the Malaysian government.

Eaves continued to correspond with and/or receive emails from Nonstop Couriers, but he never received the promised lottery winnings, nor did he receive a refund of the money he paid toward delivery. Eaves claims he was notified that he again won a "Yahoo draw" in September and November of 2015, and "assumes that he won a total of $15,000,000.00." (Compl. at 14.)[1] It appears that he stopped corresponding with Nonstop Couriers in 2015.

Based on those allegations, Eaves indicates that he is raising claims pursuant to 18 U.S.C. §§ 1301-03, which are federal criminal statutes pertaining to lotteries, as well as tort and contract claims under Pennsylvania law.[2] Eaves seeks $10 million, although his actual damages appear to be $781.58—the amount he paid to Nonstop Courier to retrieve his winnings based on their representations.

## II. STANDARD OF REVIEW

The Court grants Eaves leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Moreover, "if the court determines at any time that it

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

[2] Eaves' second cause of action is listed as "42 Pa. C.S. section 2725 Unit Debt Act." (Compl. at 18.) That appears to be a reference to a statute providing a statute of limitations governing contracts for sale.

2

lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Eaves is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Eaves has not stated a basis for a federal claim to invoke this Court's jurisdiction under 28 U.S.C. § 1331. He appears to be basing federal jurisdiction on federal anti-gambling laws, 18 U.S.C. §§ 1301-03, but those statutes do not provide a basis for a private cause of action. *See Nat'l Football League v. Governor of State of Del.*, 435 F. Supp. 1372, 1389 (D. Del. 1977) ("[P]laintiffs have no private cause of action under the federal anti-gambling statutes."); *see also Bell v. Health-Mor, Inc.*, 549 F.2d 342, 347 (5th Cir. 1977) ("[W]e affirm the dismissal of plaintiffs' claims which are based upon the Federal Mail Fraud and Lottery statutes."). Accordingly, the Court will dismiss those federal claims with prejudice.

The Court lacks subject matter jurisdiction over Eaves' remaining state claims.[3] The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332, which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," provided the parties are diverse in citizenship as set forth in the subdivisions of the statute. For instance, under § 1332(a), a district court may exercise diversity jurisdiction where the matter is between citizens of different States. Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

---

[3] The Court declines to exercise supplemental jurisdiction having dismissed Eaves' federal claims at the screening stage.

3

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Eaves appears to be a citizen of Pennsylvania. However, Nonstop Couriers' citizenship is not clear from the Complaint. Eaves provides two Philadelphia addresses for Nonstop Courier, alleges that Nonstop Couriers "mentioned that it has corporate offices in the United States of America and London," and indicates that Nonstop Couriers has a location in Florida. (Compl. at 5 & 6.) Documents attached to the Complaint also indicate that Nonstop Couriers has a registered address in Kuala Lumpur, Malaysia. As Nonstop Courier's citizenship is unclear, Eaves has not met his burden of establishing that the parties are diverse. Accordingly, the Court may not exercise jurisdiction over his state law claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Eaves leave to proceed *in forma pauperis* and dismiss his Complaint. The Court will dismiss Eaves' federal claims with prejudice and his state law claims without prejudice to amendment or refiling in state court, where federal jurisdiction will not be an issue. An appropriate Order follows.

BY THE COURT:

**WENDY BEETLESTONE, J.**